IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM C. CHEATHAM-BEY,

      **Plaintiff,**

v.            CASE NO. 18-3032-SAC

MEGAN WATERS, et al.,

      **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

  Plaintiff William C. Cheatham-Bey, an inmate at the Leavenworth County Adult Detention Center appearing *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

  Plaintiff's complaint (Doc. 1) alleges racial and religious discrimination in connection with the revocation of his probation. Plaintiff names as defendants Megan Waters, the Director of Leavenworth County Community Corrections ("LCCC"), and Corey Skaggs, Probation Officer with LCCC.

  Plaintiff alleges the defendants "select individuals for revocation[] based on arbitrary classifications" including "inter-racial" and religious discrimination. Doc. 1 at 2. He brings two counts. For Count I, Plaintiff claims that around the end of 2013 and the beginning of 2014, Defendant Waters made racial remarks to his fiancée, Ashley Burns, about her "being with" an

1

African-American man, to the point of harassment. *Id.* at 3. Defendant Waters was supervising Ms. Burns' probation.

For Count II, Plaintiff alleges Defendant Skaggs questioned him during his intake orientation into community corrections about the "Bey" on the end of his last name. When Plaintiff responded it meant he was of Moorish descent, Defendant Skaggs asked if he was a Muslim "in such a way [Plaintiff] kn[e]w [he] had a problem." *Id.* at 3. Plaintiff further alleges Defendants Waters and Skaggs "made a point to have me revoke[d]." *Id.* at 4. Mr. Cheatham-Bey claims in his first 18 months of supervision, he had 8 to 12 positive urine tests, but Defendant Skaggs did not inform him he could challenge the tests and have them sent to the lab for further testing. Plaintiff states that sometime in 2016, he was revoked for another 18 months of supervision because he refused to sign papers to extend his supervision for another 5 months when he was due to be discharged in 5 days. *Id.* at 5. Then, Plaintiff alleges Defendant Skaggs filed a revocation report on July 24, 2017, that falsely claimed Plaintiff had a domestic violence charge, did not report to a substance abuse assessment, and had used alcohol and marijuana. *Id.*

Plaintiff seeks an apology from Defendant Waters and compensatory damages of between $1.5 and $3 million.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

### III. Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

#### A. Count I

In Count I, Plaintiff attempts to bring a claim on behalf of his now wife. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). Thus, Count I fails to state a claim upon which relief can be granted to Plaintiff and must be dismissed.[1]

#### B. Count II

Count II of Plaintiff's complaint is subject to dismissal for at least two reasons. First, it is barred by the *Heck* doctrine. Second, even if *Heck* does not apply, Plaintiff's conclusory and vague allegations are insufficient to state claim for discrimination.

Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[T]o recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Schwartz v. New Mexico Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 730 (10th Cir. 2010) (citing *Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996)). The

---

[1] In addition, the claim in Count I appears to have accrued outside the two-year statute of limitations for bringing a § 1983 action in Kansas. *See Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F .3d 1184, 1188 (10th Cir. 2006)(citations omitted). Moreover, verbal harassment does not state a cognizable constitutional violation.

4

*Heck* doctrine applies to parole revocations. *Crow,* 102 F.3d at 1087; *see also Kay,* 500 F.3d at 1221 (affirming district court's dismissal of § 1983 challenge to parole revocation under *Crow*).

Here, Mr. Cheatham-Bey alleges Defendants caused the revocation of his parole due to racial and/or religious discrimination. The Tenth Circuit has recognized the availability of habeas relief for an individual in custody who shows that the revocation of his parole was discriminatory. *See Barton v. Malley,* 626 F.2d 151, 154–157 (10th Cir. 1980). Even though Plaintiff does not request release from custody in this action, the fact that a judgment in his favor here would call into question the legality of his probation revocation implicates *Heck*. Thus, Plaintiff's claim is barred by *Heck* as an improper challenge to his probation revocation under the guise of a § 1983 action, unless Plaintiff can show the revocation has already "been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *See Schwartz*, 384 F. App'x at 730.

Even if *Heck* does not apply to bar Plaintiff's complaint, he has failed to state a claim for discrimination. Religious and/or racial discrimination claims are cognizable under the equal protection clause of the Fourteenth Amendment. An equal protection violation occurs when the government treats someone differently than another person who is similarly situated. *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). To state a claim, Plaintiff must show that Defendants treated him less favorably than other supervisees solely because of his race or religion. *See Morman v. Campbell County Memorial Hosp.*, 623 F. App'x 927, 934 (10th Cir. 2015)(quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Plaintiff has the burden of showing "the existence of purposeful discrimination," *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987), and that the purposeful discrimination "had a discriminatory effect" on him. *Id.*

Plaintiff's only allegations of racial or religious discrimination are completely conclusory. He claims Defendant Skaggs questioned him about his name and religion "in such a way [he] kn[e]w [he] had a problem" and "treated [him] with discrimination against [him], [his] marriage to a white woman." Doc. 1 at 3, 4.  Plaintiff also claims Defendants "made a point" to have him revoked, "mainly after [he] reported to the governor's office about them trying to revoke [him]" on the basis of conflicting urine test results based on samples taken ten minutes apart. *Id.* at 4. Such allegations do not demonstrate Plaintiff's probation was revoked because of his race or religion.

In addition to failing to adequately allege facts showing Defendants had a discriminatory motive for revoking him, Plaintiff fails to allege that Defendants treated him differently than others who were similarly situated.  Plaintiff's vague and conclusory allegations simply do not state a plausible claim for the constitutional deprivation of his equal protection rights.

## IV. Motions

Also before the Court are Plaintiff's motion to appoint counsel (Doc. 8) and motion for discovery of evidence (Doc. 9).

There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any

case." *Steffey,* 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that Plaintiff has not asserted a colorable claim at this point. Therefore, the Court denies Plaintiff's motion to appoint counsel (Doc. 8). For the same reason, the Court denies Plaintiff's motion for discovery (Doc. 9).

## V. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 17, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery of evidence (Doc. 9) is **denied**.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**